UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUAN JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-936 (RMC) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

       Plaintiff Juan Johnson is a police officer with the Metropolitan Police Department ("MPD") of the District of Columbia. In this suit, he asserts that fellow MPD Officer Jeffrey Bruce kicked him repeatedly during an attempt to arrest someone else, despite Officer Johnson's obedience to Officer Bruce's commands. Plaintiff sues Officer Bruce and the District of Columbia (collectively "Defendants") for excessive force/police brutality and for violation of his civil rights under 42 U.S.C. § 1983. Plaintiff also asserts common law claims for negligent hiring, training and supervision against the District and negligent infliction of emotional distress against the District and Officer Bruce. Defendants have filed a motion to dismiss, arguing that all of Plaintiff's claims are barred by a one-year statute of limitations and collateral estoppel. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.' Mem.") at 4, 5. Plaintiff opposes the motion on grounds that a three-year statute of limitations is more appropriate and that collateral estoppel is not applicable. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss ("Opp.") at 1. After carefully considering the parties' arguments, the Court will grant Defendants' Motion to Dismiss in part and deny the motion in part.

## I. BACKGROUND

The relevant history in this lawsuit is not the event complained of, which occurred on July 23, 2001, but Officer Johnson's pending lawsuit against the District of Columbia, filed on July 22, 2002, and set for trial on October 17, 2005. *Johnson v. District of Columbia*, No. 02-cv-1452 (RMC) ("*Johnson I*"). The factual allegations of *Johnson I* and this case are identical. Plaintiff's complaint in *Johnson I* alleged excessive force/police brutality; assault and battery; deprivation of civil rights under 42 U.S.C. § 1983; negligent hiring, training and supervision; negligent infliction of emotional distress; and intentional infliction of emotional distress. Defs.' Mem. at 3. The suit named the District of Columbia and former Executive Assistant Police Chief Terrence Gainer as defendants. *Id.*

On November 17, 2003, the defendants in *Johnson I* sent Plaintiff their initial disclosures, which included the MPD internal affairs reports that identified Officer Bruce as one of the officers involved in the encounter at issue. *Id.* The deadline set by the Court's scheduling order gave the parties until December 15, 2003, to join additional parties or to amend their pleadings. *Id.* Plaintiff did not seek to join Officer Bruce at that time. *Id.* Discovery closed in *Johnson I* on April 13, 2004, but Officer Johnson did not depose Officer Bruce or any other individual. *Id.* The defendants in *Johnson I* filed a motion for summary judgment on May 7, 2004. *Id.* Because Plaintiff chose not to oppose summary judgment on any of his claims against Assistant Chief Gainer or his claim of deprivation of civil rights under 42 U.S.C. § 1983 against the District, the Court granted Defendants' motion as to those issues without undertaking an analysis of the merits of the alleged constitutional violations. Opp. at 7. Four common law claims against the District of Columbia in *Johnson I* are pending for trial in October: excessive force/policy brutality; assault and battery;

negligent hiring, training, and supervision; and negligent infliction of emotional distress and intentional infliction of emotional distress.

Officer Johnson filed this suit ("*Johnson II*") against the District of Columbia and Officer Bruce on June 8, 2004, at the same time that briefing in *Johnson I* was in progress. *Id. Johnson II* alleges excessive force/police brutality; deprivation of civil rights under 42 U.S.C. § 1983; negligent hiring, training and supervision; and negligent infliction of emotional distress. *Id.* at 4.

Defendants have moved to dismiss the instant case on grounds of statute of limitations and collateral estoppel. *Id.* at 4-8. Specifically, Defendants argue that (1) the judgment entered against Plaintiff in *Johnson I* precludes him from attempting to re-litigate claims that were previously rejected by the Court; (2) Plaintiff's failure to join Officer Bruce in the prior action after being given the opportunity to do so bars a subsequent action against the Officer; and (3) a one-year statute of limitations prevents recovery on the police brutality claim. *See id.* In opposing Defendants' motion, Plaintiff dispenses with the statute of limitations argument as "pure nonsense," and concludes that collateral estoppel does not apply to the claims against Officer Bruce[1] because a section 1983 claim against an individual actor is "diametrically dissimilar" from a section 1983 claim against a municipality.[2]  *See* Opp. at 3-8.

---

[1] Plaintiff does not contest the application of collateral estoppel to the duplicative claims against the District.

[2] Plaintiff sues Officer Bruce in both his official and individual capacities. Compl. at 1. In their briefs, however, neither party distinguishes between these two roles.

## II. LEGAL STANDARD

Defendants' motion to dismiss arises under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. *See Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 200 (D.D.C. 2005) ("As defendant's arguments center on [preclusion] as an affirmative defense, its motion is . . . properly construed as a motion to dismiss under Rule 12(b)(6)."). For the Court to grant a motion to dismiss pursuant to Rule 12(b)(6), it must "appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The threshold inquiry in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984). "The court must accept as true all [of the plaintiff's] well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff[]." *See Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999). Although the Court must construe the complaint in the light most favorable to the non-moving party, it "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276. In addition, the court need not accept the plaintiff's legal conclusions as true. *See Alexis*, 44 F. Supp. 2d at 337.

## III. ANALYSIS

In this case, Plaintiff asserts four distinct claims: (A) Excessive Force/Police Brutality; (B) Deprivation of Civil Rights under 42 U.S.C. § 1983; (C) Negligent Hiring, Training, and Supervision; and (D) Negligent Infliction of Emotional Distress. Because Defendants' Motion

to Dismiss presents multiple arguments, the Court will address each count in Plaintiff's complaint independently.

### A. Excessive Force/Police Brutality

Defendants move to dismiss Count I of the complaint, which alleges excessive force/police brutality, as being barred by the one-year statute of limitations for assault and battery claims. Officer Johnson contends that the statute of limitations has not yet lapsed because "a claim for negligence was fully and unequivocally set forth in plaintiff's complaint," Opp. at 4.[3] Claims that are based on negligent conduct are covered by a three-year statute of limitations. *See Advantage Health Plan, Inc. v. Knight*, 139 F. Supp. 2d 108, 112 (D.D.C. 2001),

Plaintiff's argument that the excessive force/police brutality claim is based on negligence, and therefore not barred by the statute of limitations, is wholly without merit. It is well established in the District of Columbia that "[t]here is no such thing as a negligent assault." *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000) (quoting 1 Fowler Harper & Fleming James, *The Law of Torts* § 3.5 at 3:19 (3d ed. 1996)). "A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not 'in excess of those which the actor reasonably believes to be necessary.'" *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997) (quoting Restatement (Second) of Torts § 132 (1965)). Therefore, a claim resulting from the use of force beyond that which was reasonably necessary is clearly based upon battery, not negligence.

The D.C. Court of Appeals has explored these legal concepts at length in *District of*

---

[3] Specifically, Plaintiff cites allegations within his complaint that Officer Bruce "had a duty to employ only reasonable measures" and that he "wrongfully, maliciously and unlawfully used excessive and unreasonable force." Opp. at 3-4 (citing Compl. ¶¶ 16, 17).

*Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003). *Chinn* involved a traffic stop for tinted windows that escalated into an arrest and the use of police force that ultimately broke the plaintiff's arm. The case was "hardly the first time that [the D.C. Court of Appeals] ha[d] encountered confusion regarding negligence and battery claims in alleged police brutality suits." *Chinn*, 839 A.2d at 706. As the D.C. Court of Appeals explained:

> Battery is an intentional tort. "Intent and negligence are regarded as mutually exclusive grounds for liability. As the saying goes, there is no such thing as a negligent battery." 1 Dobbs, *Law of Torts* § 26 at 51 (2001). Strictly speaking, a police officer effecting an arrest commits a battery. If the officer does not use force beyond that which the officer reasonably believes is necessary, given the conditions apparent to the officer at the time of the arrest, he is clothed with privilege. Otherwise, he has no defense to the battery, at least insofar as it involves the use of excessive force.

*Id.* at 706. Whether a plaintiff can also plead negligence in addition to battery depends on whether he has made "a separate and distinct claim for negligence apart from the battery allegations." *Id.* at 711.[4]

A review of the complaint's allegations here makes it clear that Plaintiff bases his negligence claim entirely on the alleged battery. Count I, labeled Excessive Force/Police Brutality, asserts that Officer Bruce, notwithstanding his "duty to employ only reasonable measures in [his] treatment of the plaintiff, . . . wrongfully, maliciously and unlawfully used excessive and unreasonable force." Compl. ¶ 16, 17. These allegations are similar to those set forth in Mr. Chinn's

---

[4] *Chinn* delineated two lines of cases, one represented by *Sabir v. District of Columbia*, 755 A.2d 449 (D.C. 2000), where separate negligence and battery claims were precluded because the plaintiffs did not plead separate and distinct claims, and the other represented by *District of Columbia v. White,* 442 A.2d 159 (D.C. 1982), where the court "upheld submitting both negligence and battery counts to a jury." *Chinn*, 839 A.2d at 710. The court noted, however, that the cases in the *White* line all involved the use of deadly force. *Id.* For this reason, the logic of the *White* line is not applicable here.

complaint, where he alleged that the defendants "'breached their duty as they were negligent in their excessive use of force' and 'knowingly and maliciously acted in [a] manner that would cause injury to Plaintiff's person.'" *Chinn*, 839 A.2d at 711. The D.C. Court of Appeals has held that such allegations "neither establish a claim separate and distinct from the alleged battery, nor demonstrate the essential elements of a negligence claim. The allegations do not reflect negligence, but rather an intentional tort with a conclusory allegation of negligence." *Id.* Under these circumstances, the logic of *Chinn* inevitably applies here. Count I of the complaint constitutes only an allegation of an intentional tort of battery with a conclusory allegation of negligence. As such, the one-year statute of limitations applies and Plaintiff's excessive force/police brutality claim is barred as untimely against both Defendants.

### B. Deprivation of Civil Rights Under 42 U.S.C. § 1983

Count II alleges that the District of Columbia and Officer Bruce, in both his official and individual capacities, deprived Plaintiff of his constitutional rights in violation of the Fourth and Fifth Amendments. *See* Compl. ¶ 21. Defendants argue that each of the claims is barred on collateral estoppel grounds. *See* Defs.' Mem. at 5-7. Before addressing each of these claims in turn, a discussion of the doctrines of *res judicata* and collateral estoppel is necessary.

The doctrines of *res judicata* (or claim preclusion) and collateral estoppel (or issue preclusion) are frequently confused. *See SBC Communications Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005). Under the doctrine of *res judicata*, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *NextWave Pers. Communications, Inc. v. FCC*, 254 F.3d 130, 143 (D.C. Cir. 2001). It further embodies the principle "that a party who once

has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communications Inc.*, 407 F.3d at 1229 (quoting Restatement (Second) of Judgments at 6 (1982)) (emphasis in original).  For purposes of *res judicata*, summary judgment is considered a final decision on the merits.  *Prakash v. Am. Univ.*, 727 F.2d 1174, 1182 (D.C. Cir. 1984).  Because the defense of *res judicata* is of jurisdictional character, courts can and should raise the issue *sua sponte*.  *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) ("As res judicata belongs to courts as well as to litigants, even a party's forfeiture of the right to assert it . . . . does not destroy a court's ability to consider the issue *sua sponte*.").

Under the doctrine of collateral estoppel, "the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co.*, 439 U.S. at 327 n.5.  Collateral estoppel is generally appropriate when: "(1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action." *Shell Petroleum v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003).  Like *res judicata*, collateral estoppel may be appropriate even when the first case was decided by summary judgment, *Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 712 (Fed. Cir. 1983) (discussing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)), and the court has the power to raise the issue on its own volition, *SBC Communications Inc.*, 407 F.3d at 1229-30.

In this case, Defendants frame the argument to dismiss Plaintiff's section 1983 claims against the District of Columbia and Officer Bruce almost entirely in terms of collateral estoppel.

However, because of the complexity of the issues and the similarity between the two doctrines, the Court will examine each section 1983 claim individually to determine if either *res judicata* or collateral estoppel applies.

### 1. Plaintiff's Section 1983 Claim Against the District of Columbia

In his opposition to Defendants' motion for summary judgment in *Johnson I*, Plaintiff informed the Court that he "ha[d] no intention of further prosecuting Count III [for deprivation of civil rights] of the complaint." *Johnson I* at 2. As a result, that count was dismissed. In this case, Plaintiff does not contest Defendants' motion to dismiss his section 1983 claim against the District. Therefore, this claim will, once again, be dismissed.

### 2. Plaintiff's Section 1983 Claim Against Officer Bruce in His Official Capacity

Defendants argue that Plaintiff's section 1983 claim against Officer Bruce is barred by the doctrine of collateral estoppel. Specifically, they assert that "once the elements of the doctrine of collateral estoppel have been satisfied, then that doctrine may be invoked defensively by one who was not a party to the prior case." Defs.' Mem. at 6 (internal citations omitted). Defendants continue that, "[b]ecause the [sic] Officer Bruce could have been joined, the judgment against plaintiff in *Johnson I* bars his section 1983 claim against Officer Bruce in [*Johnson II*]." Defs.' Mem. at 7. This issue, however, is more appropriately resolved under the principles of *res judicata*.

The Court interprets Plaintiff's section 1983 claim against Officer Bruce in his official capacity as a claim brought directly against the District. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. . . ."); *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against

9

municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself."). This is true for two reasons. First, because "when [government officials are] sued in their official capacities, [they] are not personally liable for damages," *Atchinson*, 73 F.3d at 424, an official-capacity suit against an individual does not offer the plaintiff a second pocketbook from which to recover damages. Second, in the context of *res judicata*, courts have long held that "parties nominally different may be, in legal effect, the same." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940). Importantly, privity exists for *res judicata* purposes between the government and its officers. *Id.* at 402-03. Thus, Plaintiff's section 1983 claim against Officer Bruce, an employee and official of the District of Columbia, is, in legal effect, a section 1983 claim against the District itself.

In this context, Plaintiff's section 1983 claim against Officer Bruce in his official capacity is a clear attempt to take the proverbial second bite of the apple. There is no dispute that the section 1983 claims levied in *Johnson II* are based on the same cause of action as those claims Plaintiff originally brought in *Johnson I*. *Res judicata* bars Plaintiff from asserting additional claims against the District based on this cause of action. Because asserting a claim against a government official in his official capacity is the same as asserting a claim against the government directly, *res judicata* bars Plaintiff's section 1983 claim against Officer Bruce in his official capacity as well. *See Polsby v. Thompson*, 201 F. Supp. 2d 45 (D.D.C. 2002) (dismissing subsequent claims against the director of the Department of Health and Human Services ("HHS") as barred by *res judicata* after plaintiff previously brought claims based on the same cause of action directly against HHS). *See also Thurston v. United States*, 810 F.2d 438 (4th Cir. 1987) (holding that res judicata barred subsequent claims against government officials where the United States won on the same issue in

an earlier suit); *Headly v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987) ("Litigation involving the government is generally binding with respect to government officials who are sued in their official capacities in later actions.").

### 3. Plaintiff's Section 1983 Claim Against Officer Bruce in His Individual Capacity

Unlike official-capacity suits, in a suit based on individual or personal capacity, "[i]f the plaintiff prevails against the official, the official must satisfy the judgment out of his own pocket, rather than having the government entity pay the damages." *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)), *cert. denied*, 488 U.S. 856 (1988). Courts generally do not consider an official sued in his personal capacity in privity with the government because "different legal theories may be necessary to prove liability in a personal-capacity, as opposed to an official-capacity, case." *Id.*

The issues specific to the section 1983 claim against Officer Bruce in his individual capacity have not been addressed earlier. Unlike Plaintiff's section 1983 claims against the District of Columbia and Officer Bruce in his official capacity, Plaintiff's claim against Officer Bruce in his individual capacity is not precluded by either *res judicata* or collateral estoppel.

#### a. *Res Judicata*

At first glance, the doctrine of *res judicata* seems applicable here because the claim against Officer Bruce is based on the same cause of action as Plaintiff's claims in *Johnson I* against the District of Columbia. However, unlike Plaintiff's other section 1983 claims in this action, *res judicata* does not bar the section 1983 claim against Officer Bruce in his *individual* capacity. This distinction is based on the rule of differing capacities, which provides that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the

11

benefits of the rules of *res judicata* in a subsequent action in which he appears in another capacity." Restatement (Second) of Judgments § 36(2). It "generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official." *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003). *See also Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) ("Res judicata does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity."); *Conner*, 847 F.2d at 395 (holding that a prior suit against a municipality does not bar a subsequent suit against officials individually because official-capacity and personal-capacity suits involve different legal theories and defenses); *Headley*, 828 F.2d at 1279 ("[A] judgment against a government does not bind its officials sued in their personal capacities . . . Moreover, litigation involving officials in their official capacity does not preclude relitigation in their personal capacity.").

        The rule of differing capacities is due in large part to the fact that, as previously discussed, an official sued in his *individual* capacity is not in privity with either himself in his official capacity or his employer, the government. *See Graham*, 473 U.S. at 166-67. For the doctrine of *res judicata* to apply, the parties in both suits must either be identical or in privity with each other. *See Elliot v. F.D.I.C.*, 305 F. Supp. 2d 79, 83 (D.D.C. 2004). Because of the absence of this key requirement, Plaintiff's section 1983 claim against Officer Bruce in his individual capacity is not barred by *res judicata*. *See Mitchell*, 343 F.3d at 824-25 (dismissing claims in a successive suit against government employees in their official capacities as barred by *res judicata*, but refusing to extend the doctrine to the employees in their *individual* capacities for lack of privity); *see also Headly*, 828 F.2d at 1280 (holding that the district court erred in granting summary

judgment on *res judicata* grounds where plaintiff filed a second lawsuit against officials in their individual capacities because such officials were not, in their individual capacities, in privity with the defendant city).

                b.  Collateral Estoppel

Defendants cannot invoke the doctrine of collateral estoppel to bar Plaintiff's claim against Officer Bruce in his individual capacity because his personal liability was never decided on the merits in *Johnson I*. It is well established that "the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95 (1980). The threshold inquiry in determining whether a plaintiff's claim should be barred by collateral estoppel is whether application of the doctrine is fair. *See Milton S. Kronheim & Co. v. District of Columbia*, 91 F.3d 193, 197-98 (D.C. Cir. 1996).

As noted above, collateral estoppel does not apply unless the issue to be precluded was actually litigated and decided in the prior lawsuit. *See* Moore's Federal Practice § 132.03[1] at 132-76 (3d ed. 2000).[5] The issue of Officer Bruce's personal liability was never raised in *Johnson I*. Officer Bruce was not joined in any capacity in the prior case, nor were issues concerning his liability briefed by the parties or discussed by the court. Therefore, resolution of this issue was not necessary to the Court's decision in *Johnson I*. *See Brewer v. Dupree*, No. 00-T-543-N, 2003 WL 23507795, at *5 (M.D. Ala. 2003) (holding that an issue that was never briefed by the parties or

---

[5] Contrary to *res judicata*, where the relevant inquiry is limited to whether a plaintiff had a *chance* to litigate the claim in front of an appropriate tribunal, *see SBC Communications Inc.*, 407 F.3d at 1229, collateral estoppel is contingent upon the issue *actually* having been litigated, *see Shell Petroleum*, 319 F.3d at 1338.

discussed by the court "cannot be seen as essential" to the court's judgment in the prior case and is therefore not barred by collateral estoppel); *Parklane Hosiery Co.*, 439 U.S. at 327 n.5 (stating that the issue must have been necessary to the prior judgment for collateral estoppel to apply).

By deciding not to litigate the section 1983 claim against the District in *Johnson I*, Plaintiff only conceded that the District *and its privies* did not violate his constitutional rights. However, as previously discussed, in his individual capacity, Officer Bruce is not in privity with the District of Columbia. *See Graham*, 473 U.S. at 166. Because the issue of Officer Bruce's personal liability was not "actually litigated" in *Johnson I*, fairness requires that Plaintiff have the opportunity to present evidence on the section 1983 claim against Officer Bruce in his individual capacity. *See Brewer*, 2003 WL 23507795, at *5 (refusing to extend collateral estoppel to subsequent individual-capacity claims that the court had not considered in the prior case because fairness mandated the plaintiff have a full opportunity to litigate those issues).

Defendants argue that because Officer Bruce could have been joined as a defendant in *Johnson I*, Plaintiff should be precluded from bringing new claims against Officer Bruce. *See* Defs.' Reply at 4-5. To support this argument, Defendants rely on the Restatement (Second) of Judgments § 29 cmt. e, which states that "where a plaintiff brings a subsequent action involving the same issues against a person whom he could appropriately have joined as a co-defendant in the first action, only strongly compelling circumstances justify withholding preclusion." While Defendants correctly note that the interests of judicial economy would have been best served by joining Officer Bruce in *Johnson I*, that Plaintiff failed to exercise this option does not, *ipso facto*, bar Plaintiff's claims against Officer Bruce in this lawsuit.

The scope of the prior judgment is relevant here. Again, the applicability of collateral

estoppel to a plaintiff's claim turns on whether the identical issue was previously litigated. *See Brewer,* 2003 WL 23507795, at *5 ("The most significant safeguard in applying estoppel is 'the requirement of determining whether the party against whom estoppel is asserted had a full and fair opportunity to litigate'" (citing *Blonder-Tongue*, 402 U.S. at 329)). The fact that Officer Bruce *could have* appropriately been joined as a co-defendant in *Johnson I* would carry much more weight *if* Plaintiff's section 1983 claim against the District had previously been litigated in *Johnson I*. For example - if after entertaining thorough arguments from both parties - the Court in *Johnson I* had determined Plaintiff suffered no constitutional violation, Defendants would have a compelling argument that Plaintiff's section 1983 claim against Officer Bruce should be barred because the issue of constitutional liability under section 1983 was previously litigated. *See Thurston*, 810 F.2d at 445 (applying collateral estoppel to plaintiff's subsequent claim against individual government officials for improper denial of employment position after the court found in plaintiff's prior suit against the government that she was not improperly denied the position). However, because the Court did not address the merits of Plaintiff's section 1983 claim in *Johnson I*,[6] the issue of Officer Bruce's personal liability has never been litigated and the application of the collateral estoppel to Plaintiff's section 1983 claim against Officer Bruce in this action is inappropriate.[7]

---

[6] The relevant portion of the Court's memorandum opinion from *Johnson I* reads: "In his opposition to Defendants' motion for summary judgment, Officer Johnson informs the Court that he 'has no intention of further prosecuting [the section 1983 claim] of the complaint.' Therefore, [the section 1983 claim] will be dismissed" as to the District and Chief Gainer. *Johnson v. District of Columbia*, No. 02-1452 (RMC) (D.D.C. Nov. 29, 2004) (internal citations removed).

[7] Defendants further argue that "[a] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis v. Gallatin Steel Company*, 390 F.3d 461, 479 (6th Cir. 2004). The cases cited by Defendants, however, address multiple claims against a single defendant, brought by a plaintiff in two fora, rather than claims against different defendants. That Plaintiff could have joined the defendants in a single action

### C. Negligent Hiring, Training and Supervision

Plaintiff alleges that "Defendant District of Columbia acted negligently, carelessly, and recklessly by failing to properly train, supervise, control, direct and monitor their rogue police officers in their duties and responsibilities." Compl. ¶ 25. This claim is identical to Plaintiff's claim against the District that is still pending in *Johnson I* and will be tried in October of this year. Accordingly, this duplicative claim will be dismissed.

### D. Negligent Infliction of Emotional Distress

Plaintiff alleges that both the District of Columbia and Officer Bruce negligently caused Plaintiff severe emotional stress. Compl. ¶ 27-29. Again, this claim is identical to Plaintiff's claim for negligent infliction of emotional distress that he brought against the District in *Johnson I*. That claim is also pending and will be tried in October. Accordingly, Plaintiff's claim of negligent infliction of emotional distress against the District is duplicative and will be dismissed. However, because there are no claims pending against Officer Bruce in *Johnson I*, Plaintiff's negligent infliction of emotional distress claim against him will not be dismissed.

Defendants contend that this claim against Officer Bruce should be barred because Plaintiff "failed to comply with this Court's deadlines in *Johnson I* to name additional parties." Defs.' Mem. at 8.[8] In *Johnson I*, the Court ordered that all additional parties must be joined by

---

does not mean that he was *required* to do so. *See Headley*, 828 F.2d at 1275.

[8] Defendants failed to raise the relevant statute of limitations. Under District of Columbia law, a claim for negligent infliction of emotional distress is subject to the same one-year statute of limitations as the battery claim on which it is based. *See Rendall-Speraanza v. Nassim*, 107 F.3d 913, 920 (D.C. Cir. 1997). However, unlike jurisdictional questions, the Court need not raise statute of limitations issues *sua sponte*. *Banks v. Chesapeake and Potomac Tel. Co.*, 802 F.2d 1416, 1427 (D.C. Cir. 1986). Rather, "[r]eliance on a statute of limitations is an affirmative

December 15, 2003, for reasons of discovery management and judicial economy. Defendants argue that Plaintiff's failure to join Officer Bruce pursuant to that order should result in the claims against him being barred. The Court, however, cannot dismiss a subsequent claim solely because Plaintiff failed to join a party who was not necessary to the previous action. *See Temple v. Synthes Corp.*, 498 U.S. 5 (1990) (reversing district court's dismissal of claim after plaintiff disobeyed an order to join parties that the lower court erroneously labeled as necessary). Because Officer Bruce was not a necessary party to *Johnson I, see* Fed. R. Civ. P. 19(b), Plaintiff was not required to join Officer Bruce as a defendant in *Johnson I* (although this would have been the most logical course of action). *See Headley*, 828 F.2d at 1275. Accordingly, fairness mandates that Plaintiff be given the opportunity to pursue his negligent infliction of emotional distress claim against Officer Bruce and this claim will not be dismissed.

## IV. CONCLUSION

Accepting all of his allegations as true, Plaintiff can prove no set of facts in this case to save the majority of his claims from dismissal. Plaintiff's excessive force/police brutality claim is barred by the one-year statute of limitations. *Res judicata* precludes Plaintiff's section 1983 claim against the District of Columbia and its privies, which includes Plaintiff's section 1983 claim against Officer Bruce in his official capacity. Plaintiff's negligent hiring, training, and supervising claim and his claim for negligent infliction of emotional distress against the District are identical to his claims that are pending against the District in *Johnson I* and will therefore be dismissed. However, Plaintiff's section 1983 claim against Officer Bruce in his

---

defense and is waived if a party does not raise it in a timely fashion." *Id.* (citing Fed. R. Civ. P. 8(c)).

*individual* capacity and Plaintiff's negligent infliction of emotional distress claim against Officer Bruce are not barred by *res judicata*, collateral estoppel, or by any order of this court.  Upon Plaintiff's motion, these claims will be consolidated with the claims that are currently pending before this Court in *Johnson I.*  Accordingly, Defendants' Motion to Dismiss will be **GRANTED** in part and **DENIED** in part.

      A separate Order accompanies this Memorandum Opinion.

Dated:  July 20, 2005.                                              /s/
                                                                 ROSEMARY M. COLLYER
                                                                 United States District Judge